IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

(Original Copy
return To Sender)

| | |
|---|---|
| LORENZA BARNETTE | AMENDED (A) |
| Plaintiff, | COMPLAINT  **FILED** |
| -v- | Civil Action No. JUN 29 2021 |
| STATE OF OHIO, | 4:21 CV 0339 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF OHIO YOUNGSTOWN |
| DAWN CANTALAMESSA, | |
| PAUL J. GAINS, | Judge: BENITA Y. PEARSON |
| JOHN KELTY, | Mag. Judge: BURKE |
| KEVIN BOKESCH, | |
| GERARD SLATTERY, | |
| MAUREEN SWEENEY, | |
| Defendants, | |

## I. AMENDED COMPLAINT JURISDICTION & VENUE (B)

1. This is a civil action authorized by 42 U.S.C. Section 1983 To redress the deprivation, under color of of State Law, of rights secured by the Constitution of The United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of The Federal Rule of Civil Procedure.

2. The United States District Court Northern District of Ohio 125 Market Street, Youngstown, Ohio 44503 is an appropriate venue under 28 U.S.C. Section 1391 (b)(2), because it is where the events giving rise to this claim

P 1

occurred.

## I.I.  PLAINTIFF                    (C)

3.    Plaintiff, LORENZA BARNETTE, is and was at all Times herein mention except the Indictment Process a prisoner of the State of Ohio in custody of the Ohio Department of Corrections. He is currently confined in Marion Correctional Institution, 940 Marion Williamsport Road, East Marion, Ohio, 43302, against his ~~consent~~ consent.

## I.I.I.  DEFENDANTS                    (D)

4.    Defendant, STATE OF OHIO, is the employer of the acting agents in This civil action. He was and is legally responsible for the Mahoning County Prosecutor mention in This case State v. Barnette, 2009 CR1122 operating out of the Mahoning County Prosecutor's Office at 21 W. Boardman Street Youngstown, Ohio 44503, and under its jurisdiction.

5. Defendant, DAWN CANTALAMESSA, is the Mahoning County Assistance Prosecutor of the State of Ohio. She was and is legally responsible for the prosecution of State v. Barnette Case No. 2009 CR1122, operating out of the Mahoning County Prosecutor's Office at 21 W. Boardman Street Youngstown, Ohio 44503, and under its jurisdiction.

6.    Defendant PAUL J. GAINS, is the Mahoning County Head Prosecutor of the State of Ohio. He was and is legally responsible for signing Plaintiff's Indictment in State v. Lorenza Barnette Case No. 2009 CR1122, operating out of the Mahoning County Prosecutor's Office at 21 W. Boardman Street Youngstown, Ohio, 44503, and under its jurisdiction.

7.    Defendant JOHN KELTY was a Detective Sargent for the Youngstown Police Department. He was and is legally responsible for presenting Case No. 2009 CR1122 To the Mahoning County Grand Jury on October 1, 2009. He was operating out of the Youngstown Police Department at 116 W. Boardman Street Youngstown, Ohio 44503 and under its jurisdiction.

8.    Defendant, KEVIN BOKESCH, is a Police Officer, for the Youngstown Police Department. He was legally responsible for the operation of Violent Crimes Task Force for the Youngstown Police Department at 110 5th Avenue, Youngstown, Ohio, 44503, and under its jurisdiction.

9.    Defendant, GERARD SLATTERY, is a Police Officer, for the Youngstown Police Department. He was legally responsible for the operation of Violent Crimes Task Force for the Youngstown Police Department at 110 5th Avenue, Youngstown, Ohio, 44503, and under its jurisdiction.

10. Defendant, MAUREEN SWEENEY, is a Judge for the Mahoning County Common Pleas Court. She was and is legally responsible for presiding over Case No. 2009 CR 1122, State v. Lorenza Barnette, operating out of the Mahoning County Common Pleas Court at 120 Market Street Youngstown, Ohio, 44503, and under its jurisdiction.

11. Each Defendant is sued individually and in his and her official capacity. At all times mentioned in this complaint each Defendant acted under the color of State Law, and under its jurisdiction.

## I.I.I. FACTS / ALLEGATIONS          (E)

12. On October 1, 2009 Defendant John Kelty Detective Sargent of the Youngstown Police Department, in the State of Ohio, with malicious filed an indictment on the Mahoning County Docket charging Plaintiffs with numerous offenses, with Death Specification, after presenting this case (Case No. 2009 CR1122) to the Grand Jury. (See Exhibit A)

13. On October 1, 2009, Defendant Paul J. Gains. Mahoning County Head Prosecutor signed Plaintiff's indictment in State v. Lorenza Barnette Case No. 2009 CR1122, and was aware of the fact that Plaintiff's indictment was not found upon the concurrence of seven or more Grand Jurors,

P.4

The indictment was not returned in open Court by the Grand Jury Foreperson; and there is no motion slip discharging the October, 1, 2009, Grand Jury from the Judge presiding over the Grand Jury containing "The Grand Jury returned an indictment against Lorenza Barnette Case No. 2009 CR1122.

14.     On October 1, 2009, Defendant Dawn Cantalamessa Assistance Prosecutor for the Mahoning County State of Ohio, was and is aware that No Oath or Affirmation Exist in State v. Lorenza Barnette Case No. 2009 CR1122, originating out of Mahoning County.

15.     Defendant Dawn Cantalamessa, Assistance Prosecutor for the Mahoning County, State of Ohio, is holding the Grand Jury Records, including the log, Transcripts information on Transcriber. In State v. Lorenza Barnette Case No. 2009 CR1122

16.     On October 1, 2009, Defendants Dawn Cantalamessa Assistance Prosecutor for the Mahoning County State of Ohio, was aware that No Quorum Existed for the Grand Jury.

17.     On October 1, 2009, Defendant Dawn Cantalamessa Assistance Prosecutor for the Mahoning County State of Ohio was, and is aware that original probable cause was not determined by a committing magistrate, with finding of probable cause being predicated on the antecedent

P. 5

Complaint.

18.        On October 1, 2009, Plaintiff was held to answer the Mahoning County Common Pleas Court. Defendant Dawn Cantalamessa Assistance Prosecutor for the Mahoning County State of Ohio, failed to produce the Grand Jury Array.

19.        On October 2, 2009, Defendants Kevin Bokesch, and Gerard Slattery both Police Officer, for the Youngstown Police Department in the State of Ohio, with malicious filled out an false arrest report #09-05348.2. (See Exhibit B), and submitted this report to their supervisor Officer in Charge.

20.        On November, 16, 2009, Defendant Kevin Bokesch a Police Officer, for the Youngstown Police Department in the State of Ohio, filed a false document Titled Return Executed Warrant Report. (See Exhibit C). This actual report was filed on the Mahoning County Common Pleas Court Docket, November 16, 2009.

21        Defendants Kevin Bokesch, and Gerard Slattery both Police Officer, for the Youngstown Police Department in the State of Ohio, maliciously submitted these false reports (Exhibits B, and C) to cover up the illegal arrest that took place October 4, 2009, in State v. Lorenza Barnette Case No. 2009 CR1422 (See Exhibit D incident report 09-1847)

P.6

22.     Defendant  Maureen  Sweeney  Judge, for  the
Mahoning  County  Common  Pleas  Court  dismissed  all  Plaintiff
motions  filed  challenging  the  Trial  court's  jurisdiction  and
various  item  of  evidence. (T.d. 316  321, 322). Plaintiff
appealed. State  v.  Lorenza  Barnette  Case No. 17 MA 27 (Exhibit B)

23.     Defendant  Maureen  Sweeney  Judge, for  the
Mahoning  County  Common  Pleas  Court  was  made  aware
that  she  lacks  jurisdiction  to  pronounce  any  judgment
in  State  v.  Lorenza  Barnette  Case No. 2009 CR1122. Except
Plaintiff's  petition  to  Vacate  under  Ohio  Civil  Rule  60(B).

24.     Defendant  Maureen  Sweeney  Judge, for  the
Mahoning  County  Common  Pleas  Court, did  not  ask  for  an
order  to  show  cause  to  the  government  related  to  Plaintiff's
petition  to  Vacate  Void  Judgment  The  Court  Lacks
Jurisdiction, filed  August  23, 2016, Writ  Quo  Warranto  filed
October, 17, 2016, petition  to  Vacate  a  Void  Judgment  and
Conviction  Due  to  the  Court  Did  Not  Have  Jurisdiction  of
the  Person  of  the  Petitioner  filed  December, 15, 2016, and
petition  to  Vacated  Void  Judgment  the  Court  Lacks  Jurisdiction
filed  January  24, 2017.

25.     Defendant  Maureen  Sweeney  Judge, for  the
Mahoning  County  Common  Pleas  Court, failed  to  investigate
the  flaws  in  the  Grand  Jury  proceedings, and  correcting
the  records, once  Plaintiff  presented  these  issues  through

p. 7

Petition and Motion filed.

26.　　　Defendant Maureen Sweeney Judge, for the Mahoning County Common Pleas Court acted as a Second Prosecutor; she failed to make all parties produce their credentials proving their ability to hold office in State v. Lorenza Barnette Case No. 2009 CR1122.

## IV EXHAUSTION OF LEGAL REMEDIES     (F)

27.　　　Plaintiff Lorenza Barnette used the Seventh District Court of Appeals in Ohio (See Exhibit E), to try and resolve the problem. Plaintiff used the Supreme Court of Ohio to try and resolve this problem. On the dates of August 23, 2016; October 17, 2016; December 15, 2016; January, 24, 2017, along with appeals taken to the Supreme Court of Ohio, and Seventh District Court of Appeals in Ohio, Plaintiff presented the facts relating to this complaint. On the date of December 15, 2017, Plaintiff was sent a response saying that his appeal on these matters was denied. (See Exhibit E). On May 9, 2018, Plaintiff was sent a response saying that the Supreme Court of Ohio declines to accept jurisdiction of the appeal. (See Exhibit F).

## V. LEGAL CLAIMS     (G)

28.　　Plaintiff reallege and incorporate by reference

p. 8

paragraphs 1-27.

29. Defendant Paul J. Gains Head Prosecutor for the Mahoning County State of Ohio, was aware that Defendant John Kelty, Detective Sargent for the Youngstown Police Department in the State of Ohio solely, presented this case to the Grand Jury on October 1, 2009; Plaintiffs indictment was not found upon the concurrence of seven or more Grand Jurors; and that his indictment was not returned in open Court by the Grand Jury Foreperson deliberate indifference violated Plaintiffs right and constituted indictment by Grand Jury a due process violation pursuant to Ohio Crim. R. 6(F), Fifth, and Fourteenth Amendments, U.S. Constitution: Section 10, Article 1, Ohio Constitution. Claim, and Relief Sought pursuant to Ohio Revise Code 2941.13(B); State v. Martin, 8th Dist. Cuyahoga No. 100753, 2015-Ohio-762 13, citing State v. King, 103 Ohio App. 3d 210, 212, 668 N.E. 2d 1138 (10 Dist. 1995); and State v. Mitchell, 78 Ohio App. 3d 616, 605 N.E. 2d 978 (8th Dist. 1992).

30. Defendant Dawn Cantalamessa Assistance Prosecutor for the Mahoning County State of Ohio, failed to produce the Grand Jury Array deliberate indifference violated Plaintiffs right and constituted indictment by a grand jury a due process violation pursuant to Ohio Crim. R. 6(B)(1), Fifth, and Fourteenth Amendments, U.S. Constitution; Section 10, Article 1, Ohio Constitution. Claim, and Relief Sought pursuant to Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and

P.9

United States v. Bagley, 437 U.S. 667, 676 (1985).

31.         No Quorem Exist for the Grand Jury; Defendant Dawn Cantalamessa Assistance Prosecutor for the Mahoning County State of Ohio, is holding the Grand Jury Records, including the log, Transcripts information on Transcriber, deliberate indifference violated Plaintiffs rights and constituted due process a violation pursuant To Fifth and Fourteenth Amendments, U.S. Constitution; Section 10, Article 1, Ohio Constitution. Claim and Relief pursuant To United States v. Williams, 504 U.S. 36 (1992); Brady v. Maryland, 373, U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and United States v. Bagley, 437 U.S. 667, 676 (1985).

32.         Defendant Dawn Cantalamessa Assistance Prosecutor for the Mahoning County State of Ohio, was and is aware That No Original Probable Cause Hearing was Held, No Oath or Affirmation Exist in This Case deliberate indifference violated Plaintiffs rights and constituted probable cause, oath or affirmation, and due process a violation of the Fourth Amendment U.S. Constitution; Section 14, Article 1, Ohio Constitution; Fifth, and Fourteenth Amendments. U.S. Constitution; Section 10, Article 1, Ohio Constitution. Claim and Relief Sought pursuant To State v. Jones; Giordenello v. United States, 486, 78 CT. 1245 2 L.E. 2d 1562 (1958); and State v. Gill, 49, Ohio St. 2d 177 360 N.E. 2d 643 (1977).

33. The False Police Report That Defendant Kevin Bokesch, and Gerard Slattery both Police Officer, for the Youngstown Police Department in the State of Ohio, deliberate indifference submitted and filed violated Plaintiffs rights and Constituted access To the Court, fair Trial, and cruel unusual punishment a due process violation pursuant To the First, Sixth, Eight, and Fourteenth Amendments U.S. Constitution, and Ohio Constitution. Claim and Relief Sought pursuant To Fraud upon an Officer of the Court, and State of Ohio.

34. Defendant Maureen Sweeny Judge for the Mahoning County Common Pleas Court did not order a Motion To show cause To the government officials related To Plaintiffs Petition/Motion, deliberate indifference violated Plaintiffs rights and constituted due process a violation pursuant To Fourteenth Amendment, U.S. Constitution; Section 16, Article 1, Ohio Constitution. Claim and Relief Sought pursuant To Johnson v. Zerbst, 304 U.S. 458, 468; Joyce v. United State, 474 F. 2d 215; Rhode Island v. Massachusetts, 37 U.S. 657 (1838); Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F. Sepp. 150; Hamgans v. Lavine, 415 U.S. 533.

35. The Plaintiff has no plain, adequate or Complete remedy at law To redress The wrongs describe herein. Plaintiff has been and will continue To be irreparably injured by the conduct of the Defendants unless this Court grants The emergency Declaratory and Injunctive Relief

which Plaintiff seeks, and his Claim for Relief that is provided by Federal and State Law. See paragraphs 29-34

## VI. PRAYER FOR RELIEF (H)

WHEREFORE, Plaintiff respectfully prays this Court enter Judgment granting Plaintiff:

36. A declaration that the acts and omission describe herein violated Plaintiffs rights under the Constitution and Laws of the United States, and State of Ohio;

37. A preliminary and permanent injunctive ordering (1) Defendants Kevin Bokesch, and Gerard Slattery, To write, and submit a factional arrest report, and Apprehension Report in Case No. 2009 CR11 State v. Lorenza Barnett; (2) Defendants Dawn Cantalamessa, and Paul J Gains To produce all credentials mention, and required to failure to do so establishes that Plaintiffs rights were violated; (3) Defendant Maureen Sweeney To Vacate all Judgment Entries in Case No. 2009 CR1222 State v. Barnette; (4) remove all restraint against Plaintiff immediately; (5) declaring Plaintiff actually innocent as a matter of Law.

38. Compensatory damages in the amount of 875,999.00 against each Defendant jointly and severally.

39. Punitive damages in the amount of 599,843.00

against each defendant.

40.     A jury Trial on all Triable by jury.

41.     Plaintiff cost in This suit.

42.     Any additional relief This Court deem just, proper, and equitable

           Executed on 18 day of ~~By~~ June 2021    (1)
     Originally Executed on 3 day of February 2022

                              Respectfully Submitted
                              _Lorenza Barnette_
                              Lorenza Barnette (A620-463)
                              Marion Correctional Institution
                              940 Marion-Williamsport Rd. E.
                              Marion Ohio 43302
                              Plaintiff in Pro Se